IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELINDA LINDGREN,

    Plaintiff,

v.                                            C.A. NO.:4:10-cv-1929

CHRIS SPEARS d/b/a
AGGIELAND BAILBONDS

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through her undersigned attorneys, responds to Defendant's Motion to Dismiss as follows:

### Memorandum of Law

Defendant has moved to dismiss Plaintiff's complaint asserting that under Rule 12(b)(1) the court lacks subject matter jurisdiction and that under Rule 12(b)(6) Plaintiff has failed to state a claim. Defendant's motion is without merit and should be denied.

**I.**     **Standards Under Rulesa 12(b)(1) and 12(b)(6)**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996) The burden of proof for a Rule

12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.* In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also, Grisham v. United States,* 103 F.3d 24, 25-26 (5th Cir.1997). Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with

enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities Inc.,* 94 F.3d 189, 194 (5th Cir.1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt,* 561 F.2d at 608. In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994).

## II. This Court Has Subject Matter Jurisdiction

The Defendant's argument that the case should be dismiss for lack of subject matter jurisdiction is fatally flawed.

> The Fifth Circuit follows the strict standard set forth by the Supreme Court in *Bell v. Hood,* 327 U.S. 678 (1966). That is, where a federal statute both conveys jurisdiction and creates the cause of action, the district court "'should find that it has jurisdiction over the case and deal with the defendant's challenge as an attack on the merits.' *Clark v. Tarrant County, Texas,* 798 F.2d 736, 741-42 (5th Cir. 1986). This case is precisely what the courts in *Bell* and *Clark* envisioned: The FLSA provides the basis for federal question jurisdiction and also creates plaintiff's cause of action."

*Reich v. Troyer,* 1996 WL 198111, at *2 (E.D.La. April 23, 1996) (denying motion to dismiss for lack of subject matter jurisdiction in FLSA case); *see also Brown v. Constant Care, Inc.*, 2004 WL 1836732, at *2 (N.D.Tex.Aug 17, 2004) (denying motion to dismiss for lack of subject matter jurisdiction in FLSA case). Accordingly, this Court should find that it does have subject matter

jurisdiction over this case and deny the motion.

If the Court would somehow rule contrary to the cases cited above and determine that Plaintiff is required to prove subject matter jurisdiction at this point, then the Court needs to take notice of Plaintiff's declaration filed with this response. The gist of Defendant's argument is that Plaintiff does not fall under the protection of the FLSA; therefor the Court lacks subject matter jurisdiction. An employee is covered under the FLSA under one of two means. "The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ("individual coverage") *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ("enterprise coverage")" *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.1992). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection" *Id.* at fn. 5.

Plaintiff has specifically pleaded in Paragraph 4 of her complaint the following:

> At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

Employees are covered individually by the FLSA if they are engaged in commerce or in the production of goods for commerce. *Tony and Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295, n. 8, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). The Act's definition of "commerce" includes "transmission, or communication among the several States." To determine whether Plaintiff's job activities amounted to her being personally engaged in interstate commerce, the courts apply a practical test. "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity. *Sobrinio v. Medical Center Visitor's Lodge, Inc.* 474 F.3d 828, 829 (5th Cir.2007) *quoting Mitchell v. H.B. Zachry*

*Co.,* 362 U.S. 310, 324, 80 S.Ct. 739, 4 L.Ed.2d 753 (1960) (citation omitted). There is no *de minimis* requirement. [A]ny regular contact with commerce, no matter how small, will result in coverage." *Marshall v. Victoria Transp. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979).

The application of individual coverage is factually specific. As one leading FLSA expert has explained:

> Because specific factual circumstances often determine whether an employee is engaged in commerce, it is difficult to enumerate particular occupations or activities that fall within the scope of the Act. A review of relevant case law shows, however, that employees are generally "engaged in commerce" when they perform (1) work related to the actual movement of commerce, (2) work that regularly uses the channels of commerce, or (3) work related to the instrumentalities of commerce.

Ellen Kearns, The Fair Labor Standards Act §3.III.B at 106 (1999). In this case, Plaintiff's work required her to regularly use the channels of commerce.

Plaintiff's declaration has established that she regularly handled out-of-state mail which, among other matters, contained funds relating to the operation of the business. Plaintiff also routinely received and made out-of-state telephone calls. As such, she was personally engaged in interstate commerce and, therefor, covered by the FLSA. *See, e.g. Phillips v. Meeker Coop. Light & Power Assoc.*, 63 F.Supp. 733 (D.Minn. 1945) (employees who handle correspondence, mail checks, and transmit documents across sate lines individually covered by FLSA). On this basis alone, the Court has subject matter jurisdiction.

The Court also has jurisdiction in this matter under the enterprise theory. Plaintiff has specifically pleaded that Defendant was "an enterprise engaged in commerce." The definition of "enterprise" under the Act is extremely broad. Under 29 U.S.C. 203(r)(1) the definition of "enterprise" is as follows:

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an

establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor. Within the meaning of this subsection, a retail or service establishment which is under independent ownership shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise by reason of any arrangement, which includes, but is not necessarily limited to, an agreement, (A) that it will sell, or sell only, certain goods specified by a particular manufacturer, distributor, or advertiser, or (B) that it will join with other such establishments in the same industry for the purpose of collective purchasing, or (C) that it will have the exclusive right to sell the goods or use the brand name of a manufacturer, distributor, or advertiser within a specified area, or by reason of the fact that it occupies premises leased to it by a person who also leases premises to other retail or service establishments

The Act further defines an "Enterprise engaged in commerce or in the production of goods for commerce" at 29 U.S.C. §203(s)(1) as

1. **(A)(i)** has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

**(B)** is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or

**(C)** is an activity of a public agency.

Defendant has submitted his income tax return for Aggieland Bonds as "proof" that his business does not qualify under 29 U.S.C. §203(s)(1) because it does not have $500,000 in gross sales. However,

as Plaintiff's declaration points out, Defendant operates at least two other businesses out of the same location he operates Aggieland Bonds. The three businesses all share the services of the Plaintiff. Under the broad definition of "enterprise," these two other businesses would be considered as part of Defendant's enterprise. Defendant has not provided any "proof" that when the three businesses are combined as an enterprise, their gross sales do not exceed $500,000. Indeed, Defendant's Affidavit of Business Records doesn't even declare that the tax returns are an honest statement of what Aggieland Bonds actually earned.

As is shown by Plaintiff's declaration, this is not a case where the motion to dismiss for lack of subject matter jurisdiction should be granted because it does not appear certain that the Plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.

### III. Plaintiff's Complaint Sufficiently Pleads a Cause of Action Under the FLSA.

Defendant next asserts that Plaintiff's complaint is deficient because "there is only supposition, speculation and inference of the possibility of a claim but none stated." Plaintiff's complaint alleges that in one or more weeks that Plaintiff worked for Defendant she worked more than 40 hours and did not receive overtime compensation. A similar allegation was found sufficient under Rule 8 pleading standards in *McCollim v. Allied Custom Homes, Inc.* 2009 WL 1098459 *4 (S.D.Tex. Apr. 23, 2009). In that case, Judge Rosenthal noted the similarity in allegations in the *McCollim* case and in *Burroughs v. MGC Services, Inc.*, 2009 WL 959961 (W.D. Pa. Apr.2009) wherein the court found that the plaintiff had sufficiently pled her FLSA claim. Specifically, the *Burroughs* court found that among other allegation in the complaint, the plaintiff's allegation that "In addition, Plaintiff frequently worked in excess of 40 hours per week" was sufficient to state a cause of action for unpaid overtime. Judge Rosenthal, noting that the allegations in *McCollim* were similar to those in *Burroughs,* denied the

defendant's motion to dismiss just as the court did in *Burroughs*.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint do two things: notice of the claim and identification of the grounds for the relief sought. *McCollim v. Allied Custom Homes, Inc.,* 2009 WL 1098459, at *3 (S.D.Tex, Apr.23, 2009). In *Hoffman v. Cemex, Inc.,* 2009 WL 4825224, at *3 (S.D.Tex Dec. 8, 2009), the court found that the defendant had been put on notice of the claim and identification of the grounds for the relief sought in an FLSA claim when the plaintiff pled that the claim "is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek." The court in *Hoffman* further observed :

> The complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims. *See, e.g., Connolly v. Smugglers' Notch Management Co.,* 2009 WL 3734123, at *3 (D.Vt. Nov.5, 2009) (While provision of time periods would certainly be more informative, the allegations have put the defendant on notice [of FLSA claim], and, with this, Smugglers' Notch can easily determine time periods on its own by looking at company records, which it is required to keep by law."); *Acho v. Cort,* 2009 WL 3562472, at *2, 3 (N.D.Cal. Oct.27, 2009) (denying motion to dismiss FLSA overtime claim based on plaintiff's allegation "that he worked more than forty hours per week and did not receive compensation for those overtime hours," noting that "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records."); *see also Iqbal,* 129 S.Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task ...."). Dismissal is not appropriate on the core allegations of liability.

Just as the court in *Hoffman* concluded that dismissal was not appropriate, so should this Court find that dismissal is not appropriate in the case now before it.

### IV. Conclusion

Plaintiff has sufficiently pleaded a cause of action under the FLSA. Plaintiff, by her declaration, has established that this Court has jurisdiction. For the reasons stated above, Plaintiff respectfully request the Court to deny Defendant's motion to dismiss and not require Plaintiff to provide a more definite statement.

ROSS LAW, P.C.
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

/s/ Charles L. Scalise
Charles L. Scalise
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification to the following

Jeffrey M. Burns
Youngkin & Burns
3131 E. 29th Street, Suite D-200
Bryan, Texas 77802

/s/ Charles L. Scalise
Charles L. Scalise