IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELINDA LINDGREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1929 |
| | § | |
| CHRIS SPEARS, d/b/a Aggieland Bailbonds, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Melinda Lindgren alleges that from December 2006 until November 2008, she worked for Chris Spears as a bond agent. Lindgren alleges that during her employment, she worked more than forty hours per week but was not paid overtime. (Docket Entry No. 1). Spears has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Alternatively, Spears moves for a more definite statement under Rule 12(e). (Docket Entry No. 4). Spears argues that neither his businesses nor Lindgren's job functions bring Lindgren within the FLSA's coverage. Spears has attached his business's 2006 tax return in support of his motion. (*Id.* Ex. A). Lindgren responds that the FLSA requirements on which Spears relies are not jurisdictional and that her complaint is sufficient to show subject matter jurisdiction and to state a claim. (Docket Entry No. 7). She attaches her own affidavit in support. (Docket Entry No. 7-1). In the alternative, she argues that her complaint is sufficiently definite under Rule 12(e).

The FLSA applies only to employees "engaged in commerce or in the production of goods for commerce . . . or . . . employed in an enterprise engaged in commerce or in the production of

goods for commerce." 29 U.S.C. § 207(a)(1). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis omitted). Spears argues that failure to meet the requirements of this provision is a jurisdictional defect calling for dismissal under Rule 12(b)(1). In the alternative, Spears argues that the complaint fails to state a claim because it fails to show that the FLSA applies to Lindgren, requiring dismissal under Rule 12(b)(6). Lindgren argues that this court can consider the argument only under Rule 12(b)(6) because the argument goes to the merits, not jurisdiction to consider her claim.

The different rules allow courts to consider different materials. When considering a motion to dismiss under Rule 12(b)(1), the court may rely solely on the complaint, the complaint and undisputed facts, or resolve disputed facts. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)). When considering a motion to dismiss under Rule 12(b)(1), the court is generally limited to the complaint and documents attached to it or referred to it and attached to the motion to dismiss. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 340 (5th Cir. 2008) (finding that because a Rule 12(b)(6) "review is limited to his complaint and its proper attachments, we may not consider any additional evidence or pleadings."); *Fin. Acquisition Ptnrs. v. Blackwell*, 440 F.3d 278, 289 (5th Cir. 2006) (affirming the district court's refusal to review facts outside the complaint when reviewing a Rule 12(b)(6) motion); *Orthopro, Inc. v. Arthrex, Inc.*, Civ. A. No. 3:08-CV-1315-L, 2009 WL 1374773, at *2 (N.D. Tex. May 18, 2009) (stating that the "court will not consider [a letter attached to a Rule 12(b)(6) pleadings but not mentioned in the complaint] in ruling on the motion to dismiss."). If a court wishes to consider such additional materials, it must convert the motion to one under Rule 56 for summary judgment. *Tremont LLC v. Halliburton*

2

*Energy Servs., Inc.*, 696 F. Supp. 2d 741, 852–53 (S.D. Tex. 2010).

The Supreme Court recently considered whether a statutory coverage requirement was jurisdictional or an element of the claim, going to the merits. In *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Court had to decide whether the Title VII coverage requirement that an employer have fifteen or more employees , 42 U.S.C. § 2000e(b), was necessary for a court's subject matter jurisdiction or was part of the claim on the merits. *Arbaugh*, 546 U.S. at 503. The Court noted that it and other courts had often been careless in using the word "jurisdiction" in dismissing cases. *Id.* at 511 (referring to such cases as "drive-by jurisdictional rulings" (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998)). The Court created a "bright line" separating jurisdictional from nonjurisdictional statutory requirements, requiring Congress to "clearly state[] that a limitation on a statute's scope shall count as jurisdictional." *Id.* at 515–16. The Court did not expressly require that a statute use the word "jurisdiction," but nearly every statute it cited as an example of a jurisdictional requirement did use the word. *See id.* at 514–515 & 515 n.11 (citing 7 U.S.C. § 2707(e)(3); 16 U.S.C. § 814; 22 U.S.C. § 6713(a)(1)(B); 28 U.S.C. §§ 1345, 1346(a)(2), 1339, 1347, 1348; 42 U.S.C. § 2000e-5(f)(3); 49 U.S.C. § 24301(l)(2)); *but see* 42 U.S.C. § 405(h) ("No action against the United States . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.").

Section 207(a)(1) of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The provision does not use the word "jurisdiction" or otherwise suggest that failure to satisfy its requirements result in a lack of subject matter jurisdiction. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1245–47 (holding that the requirement that a copyright be registered before instituting a federal-law claim for infringement is not jurisdictional because it did not "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts"). Courts have held that this coverage provision is an element of the cause of action, not a jurisdictional requirement. *Brown v. Constant Care, Inc.*, No. Civ. A. 5:04-CV-165, 2004 WL 1836732, at *2 (N.D. Tex. Aug. 17, 2004) (applying rule in FLSA case to a challenge based on failure to meet the $500,000 amount and finding subject matter jurisdiction to consider the challenge) (citing *Clark*, 798 F.2d at 741–42 (where the basis of federal jurisdiction is also an element of subject matter jurisdiction and the factual findings about subject matter jurisdiction are intertwined with the merits, the case should not be dismissed for lack of subject matter jurisdiction unless the alleged claim is immaterial or wholly insubstantial and frivolous; instead, the challenge should be treated as an attack on the merits)). The proper analysis is not under Rule 12(b)(1) but rather under Rule 12(b)(6). In conducting this analysis, this court confines itself to the complaint and does not include the Lindgren's affidavit or the Spears's tax return.

> The complaint alleges:
>
> > At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, §203(4) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

(Docket Entry No. 1). The allegations of FLSA coverage are conclusory; they merely repeat the

statutory elements of coverage, which is an element of the claim.  Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Twombly*, 550 U.S. at 562–63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .").  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544).  The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  The present complaint contains no factual allegations that would permit this court to find that the elements of FLSA coverage are properly pleaded.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading

deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

Spears's motion to dismiss under Rule 12(b)(1) is denied.  Spears's motion to dismiss under Rule 12(b)(6) is granted, without prejudice and with leave to amend, consistent with Rule 11, by **January 15, 2011**.  The motion for more definite statement is denied as moot.

SIGNED on December 27, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge